UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID P. RICHARDS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner of Social<br>Security,<br><br>　　　　　　Defendant. | Case No. EDCV-06-590 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

**I.　SUMMARY**

On June 9, 2006, plaintiff David P. Richards ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have filed a consent to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross-motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; June 16, 2006 Case Management Order, ¶ 5.

---

[1] Michael J. Astrue is substituted as Commissioner of Social Security pursuant to Fed. R. Civ. P. 25(d)(1).

After consideration of the record as a whole and the applicable law, the decision of the Commissioner is REVERSED IN PART AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand because the Administrative Law Judge's finding that plaintiff's prior work experience as a telemarketer and telephone operator constituted past relevant work is not supported by substantial evidence.

## II.  BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISIONS

### A.  Previously Adjudicated Application

On September 28, 2000, plaintiff previously filed an application for disability insurance benefits, asserting that he became disabled on December 8, 1998 due to degenerative disk disease and resulting surgeries. (Administrative Record ("AR") 25, 26). An Administrative Law Judge (the "First ALJ") examined the medical record and heard testimony from plaintiff, a medical expert, and a vocational expert on June 4, 2002. (AR 25, 29).

On July 1, 2002, the First ALJ issued an unfavorable decision denying benefits based upon the First ALJ's conclusion that plaintiff was not disabled at any time through the date of the decision. (AR 22-31). The First ALJ found: (1) plaintiff had severe degenerative disk disease, lumbar spine, with resulting surgeries (AR 28, 30); (2) plaintiff's impairment or combination of impairments did not meet or medically equal one of the listed impairments (AR 28, 30); (3) plaintiff retained the residual functional capacity to perform a limited range of sedentary work[2] (AR 30); (4) plaintiff did not retain the residual functional

---

[2]The First ALJ determined that plaintiff: (i) could lift and carry up to ten pounds frequently and twenty pounds occasionally; (ii) could stand and walk for two hours each in an eight-hour work day; (iii) could sit for six hours in an eight-hour work day; (iv) required a sit/stand option; (v) could occasionally climb stairs and ramps, balance, crouch, kneel, and crawl; (vi) could not bend, stoop, or climb ropes, ladders, or scaffolding; (vii) could occasionally push and pull with his lower extremities; (viii) could not work in extremely cold temperatures;

(continued...)

1 capacity to perform his past relevant work as a warehouse manager/
2 superintendent, van driver and roustabout (AR 28, 30); and (5) plaintiff could
3 perform a significant numbers of jobs in the national economy, including cashier II
4 and food and beverage order clerk. (AR 31).

5 The record does not reflect that plaintiff sought review of the First ALJ's
6 decision.

### B. Application In Issue

On July 28, 2003, plaintiff filed a subsequent application for disability insurance benefits which is in issue in the instant action. (AR 13, 77-82). Plaintiff alleged a disability onset date of June 2, 2002, due to radiculopathy/pinched nerve in his right hip and lower back problems. (AR 77). A different Administrative Law Judge (the "Second ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a medical expert (who testified telephonically) on April 18, 2005. (AR 13, 478-500). On September 12, 2005, the Second ALJ held a supplemental hearing and heard additional testimony from plaintiff (who again was represented by counsel) and a vocational expert. (AR 501-08).

On November 21, 2005, the Second ALJ issued an unfavorable decision denying benefits based upon the Second ALJ's conclusion that plaintiff was not disabled at any time through the date of the decision. (AR 19). The Second ALJ found: (1) plaintiff had the following severe impairments: (i) lumbar spine degenerative disc disease, status-post three failed back surgeries, with spinal cord stimulator implant; and (ii) mild degenerative changes of the right hip (AR 14, 18); (2) plaintiff's severe impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 15, 18); (3) plaintiff retained the residual functional capacity to perform a limited range of

---

$^2$(...continued)
(ix) could occasionally perform fine manipulation with his left upper extremity; and (x) could not work with vibrating tools. (AR 30).

sedentary work[3] (AR 18); (4) plaintiff retained the residual functional capacity to perform his past relevant sedentary skilled work as either a telemarketer or telephone operator[4] (AR 18); and (5) plaintiff's subjective complaints were not fully credible. (AR 17).

The Appeals Council denied plaintiff's request for review of the Second ALJ's decision. (AR 5-7).

## III.  APPLICABLE LEGAL STANDARDS

### A.  Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

---

[3]The Second ALJ determined that plaintiff:  (i) could lift and/or carry ten pounds maximum; (ii) could stand and/or walk up to two hours in an eight-hour workday; (iii) could use a cane to stand and/or walk; (iv) could push and/or pull with the lower extremities on a limited basis; (v) could sit up to six hours total in an eight-hour workday, but must periodically alternate between sitting and standing at will; and (vi) could occasionally climb, balance, kneel, crouch, crawl or stoop. (AR 15, 18).

[4]At the September 12, 2005 hearing, the Second ALJ found, based on plaintiff's testimony, that the appropriate title for plaintiff's prior work at the communications office was "telephone operator," rather than "dispatcher." (AR 505-06). This Court assumes without deciding that "telephone operator" is the appropriate title and accordingly will use that title in the instant Opinion.

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit his ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform his past relevant work?[5] If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow him to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001); see also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (ALJ has special duty to fully and fairly develop record and to assure that claimant's interests are considered). The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54 (citing Tackett); see also Burch, 400 F.3d at 679

---

[5]Residual functional capacity is "what [one] can still do despite [ones] limitations" and represents an "assessment based upon all of the relevant evidence." 20 C.F.R. § 404.1545(a).

(claimant carries initial burden of proving disability). If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show, at step five, that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity, age, education, and work experience. Tackett, 180 F.3d at 1100 (citing 20 C.F.R § 404.1560(b)(3)). The Commissioner may satisfy this burden, depending upon the circumstances, by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Id.

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007); Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Parra, 481 F.3d at 746; Robbins, 466 F.3d at 882.

**C. Presumption Based Upon Prior ALJ Determination**

Although the Commissioner may apply res judicata to bar reconsideration of a disability claim with respect to a period during which the Commissioner has already determined that a claimant is not disabled, the Commissioner's authority to apply res judicata to a subsequent unadjudicated period is more limited. Lester v. Chater, 81 F.3d 821, 827 (9th Cir. 1995) as amended (1996). A prior final determination that a claimant is not disabled creates a presumption of continuing non-disability with respect to any subsequent unadjudicated period of alleged disability. Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985); Lyle v. Secretary, 700 F.2d 566, 568 (9th Cir. 1983). The claimant can, however, overcome this burden by proving "changed circumstances," such as the existence of an impairment not previously considered, an increase in the severity of an impairment, or a change in the claimant's age category. See Schneider v. Commissioner, 223 F.3d 968, 973 (9th Cir. 2000) (finding changed circumstances based on worse psychological test scores and diagnosis); Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988) (attainment of advanced age constitutes changed circumstance precluding application of res judicata to first administrate law judge's ultimate finding against disability because advanced age often outcome-determinative under Medical-Vocational grids); Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir.), as amended (1997) (increased severity of carpal tunnel syndrome and diagnosis of ADHD constitute changed circumstances); Lester, 81 F.3d at 828 (finding two changed circumstances – new allegation of mental impairment not raised in prior application or addressed in prior denial and attainment of age 50); Gregory v. Bowen, 844 F.2d 664, 666 (9th Cir. 1988) (res judicata could not be applied to bar claim since claimant raised psychological impairment not previously considered); Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989) (en banc) (attainment of advanced age constitutes changed circumstance precluding application of res judicata to first administrative

law judge's ultimate finding against disability); <u>Taylor</u>, 765 F.2d at 875 (finding claimant's condition improved rather than deteriorated and claimant failed to show requisite changed circumstances); <u>Booz v. Secretary of Health & Human Services</u>, 734 F.2d 1378, 1379-80 (9th Cir. 1984) (finding no changed circumstance).[6]

Even when a claimant has demonstrated changed circumstances and thus overcomes the presumption of continuing non-disability, a prior ALJ's findings concerning the claimant's residual functional capacity, education, and work experience or other findings required at a step in the sequential evaluation process for determining disability, are still entitled to some res judicata consideration in subsequent proceedings. <u>Chavez</u>, 844 F.2d at 693 (9th Cir. 1988) (rejecting Commissioner's assertion that res judicata should not apply to first ALJ's finding that claimant was unable to perform past work in absence of showing that alleged

---

[6] Social Security Acquiescence Ruling 97-4(9), 1997 WL 742758, generally applies to cases involving a subsequent disability claim with an unadjudicated period arising under the same title of the Social Security Act as a prior claim on which there has been a final administrative decision that the claimant is not disabled. It directs adjudicators of the subsequent claim involving an unadjudicated period, to apply a presumption of continuing nondisability and to determine that the claimant is not disabled with respect to that period unless the claimant rebuts the presumption by showing a "changed circumstance" affecting the issue of disability with respect to the unadjudicated period. It also provides examples of "changed circumstances," which include an increase in the severity of the claimant's impairments, the alleged existence of an impairment not previously considered, and a change in the criteria for determining disability. Acquiescence Ruling 97-4(9) further instructs that if the claimant rebuts the presumption, adjudicators must nonetheless give effect to certain findings contained in the final decision on the prior claim, when adjudicating the subsequent claim. Specifically, adjudicators must adopt a finding of a claimant's residual functional capacity, education, work experience, or other findings required at a step in the sequential evaluation process for determining disability, which was made in the final decision on the prior disability claim with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has a been a change in the law, regulations or rulings affecting the finding or the method of arriving at the finding. Acquiescence Rulings are generally binding on all components of the Social Security Administration. 20 C.F.R. § 402.35 (b)(2). Courts generally defer to Social Security Rulings which are binding on the Social Security Administration unless they are plainly erroneous or inconsistent with the Social Security Act or regulations. <u>Holohan v. Massanari</u>, 246 F.3d 1195, 1202 n.1 (9th Cir. 2001); <u>Paxton v. Secretary of Health & Human Services</u>, 856 F.2d 1352, 1356 (9th Cir. 1988).

"new and material" evidence was in fact "new" and not previously presented to first ALJ; holding that because second ALJ failed, <u>inter alia</u>, to afford preclusive effect to prior ALJ's determinations that claimant had residual functional capacity of light work, was of limited education, and was skilled or semi-skilled, second ALJ's decision was not supported by substantial evidence); Social Security Acquiescence Ruling 97-4(9), 1997 WL 742758 (if claimant rebuts presumption of continuing nondisability, adjudicators must adopt prior findings of residual functional capacity, education, work experience, or other findings required at a step in the sequential evaluation process for determining disability, unless there is new and material evidence relating to such finding or there has been change in law, regulations or rulings affecting finding or method of arriving at the finding).

## IV. DISCUSSION

### A. A Remand is Appropriate Because the ALJ's Determination that Plaintiff's Prior Jobs as Telemarketer and Telephone Operator Constituted Past Relevant Work Is Not Supported by Substantial Evidence

Plaintiff argues that the Second ALJ erroneously found that plaintiff's prior work experience as a telemarketer and telephone operator constituted past relevant work. This Court finds that remand is appropriate because substantial evidence does not support the Second ALJ's determination that plaintiff's prior work experience as a telemarketer and telephone operator constitute "past relevant work" as that term is defined in this context.[7]

---

[7] Although neither the Second ALJ's decision nor this Opinion turn on whether the presumption of continuing non-disability arising from the First ALJ's decision was overcome, this Court concludes that such presumption was in fact overcome and that the Second ALJ legally erred in concluding otherwise. The First ALJ did not find that plaintiff suffered from an impairment, let alone a severe impairment of "mild degenerative changes of the right hip." The Second ALJ expressly found such impairment to be severe. As the authorities referenced in Part IIIC suggest, this constitutes a "changed circumstance" overcoming the presumption of continuing non-disability that arises from the First ALJ's decision. However, as also discussed

(continued...)

9

As noted above, at step four of the sequential evaluation, the claimant bears the burden of showing that he does not have the residual functional capacity to engage in past relevant work. 20 C.F.R. § 404.1520(f). A job qualifies as past relevant work only if it involved substantial gainful activity. 20 C.F.R. § 404.1565(a); Lewis v. Apfel, 236 F.3d 503, 515 (9th Cir. 2001). Substantial gainful activity is work done for pay or profit that involves significant mental or physical activities. Lewis, 236 F.3d at 515. Earnings can be a presumptive, but not conclusive, sign of whether a job is substantial gainful activity. Id. As relevant to this case, monthly earnings averaging equal to or less than $500 generally show that a claimant has not engaged in substantial activity. See 20 C.F.R. §§ 404.1574(b)(2) (Table 1) (January 1990 – June 1999), 404.1574(b)(3). The presumption that arises from low earnings shifts the step-four burden of proof from the claimant to the Commissioner. Lewis, 236 F.3d at 515. Thus, with the "low earnings" presumption, the claimant satisfies his burden under step four unless the ALJ points to substantial evidence, aside from earnings, that the claimant *has* engaged in substantial gainful activity.[8] Id.

---

[7](...continued)
in Part IIIC, the First ALJ's findings are still entitled to some res judicata consideration absent new and material evidence. Contrary to defendant's suggestion, it does not appear to this Court that the Second ALJ adopted the First ALJ's findings wholesale. (Defendant's Motion at 3, 8). Indeed, had the Second ALJ done so, he would not have characterized plaintiff's prior jobs as a telemarketer and a telephone operator as past relevant work, and would have found that plaintiff could not perform his past relevant work. On remand, the ALJ should address the degree to which the First ALJ's failure to characterize plaintiff's jobs as a telemarketer and a telephone operator as past relevant work and the First ALJ's conclusion that plaintiff could not perform his past relevant work are entitled to some res judicata effect, i.e., whether evidence presented in connection with the instant application regarding plaintiff's past relevant work is "new and material." See supra Part IIIC.

[8]Such evidence can include the nature of the claimant's work, how well the claimant does the work, whether the work is done under special conditions, whether the claimant is self-employed, and the amount of time the claimant spends at work. Lewis, 236 F.3d at 515-16; 20 C.F.R. § 404.1573. The ALJ generally should not consider activities like taking care of

(continued...)

In this case, plaintiff's average monthly earnings were equal to or less than $500 in 1995 and 1998 – the years plaintiff worked as a telemarketer and telephone operator, respectively.[9] (AR 85, 100). Such low earnings triggered the presumption that plaintiff's work at such jobs did not constitute substantial gainful activity. See 20 C.F.R. § 404.1574(b)(3); Lewis, 236 F.3d at 515. Consequently, the Second ALJ was required to point to substantial evidence, aside from earnings, to rebut this presumption. The Second ALJ appears to have based his conclusion that plaintiff had past relevant work based upon the testimony of the vocational expert. (AR 14, 504). However, the record does not reflect that either the vocational expert or the Second ALJ engaged in any analysis as to whether such prior jobs actually qualified as "past relevant work." Instead, even though the First ALJ did not find that plaintiff's prior jobs as a telemarketer and telephone operator constituted "past relevant work" (see supra note 7), the Second ALJ and the vocational expert appear to have assumed in their analysis, that such jobs did qualify as past relevant work. There is no substantial evidence in the record to support this assumption. Consequently, a remand is appropriate so that the Second ALJ, at a minimum, can assess whether, in light of the "low earnings" presumption, plaintiff's prior jobs as a telemarketer and telephone operator qualify as past relevant work.

///
///
///
///
///

---

[8](...continued) oneself, household tasks, hobbies, school attendance, club activities, or social programs to be substantial gainful activities. Lewis, 236 F.3d at 516.

[9]In 1995, plaintiff earned an average of $286 per month. (AR 85, 90). In 1998, plaintiff earned an average of $282.99 per month. (AR 85, 90).

## V. CONCLUSION[10]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Memorandum of Opinion and Order of Remand.[11]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 18, 2007

                                                             /s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[10] Plaintiff also argues that the Second ALJ failed properly to consider the opinion of plaintiff's treating physician, misinterpreted the opinion of the consultative examiner, and failed properly to consider and to address plaintiff's subjective symptoms and credibility. The Court need not, and has not adjudicated these challenges to the Second ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate. Although not resolving the issue the Court notes that defendant has not addressed, and that it would behoove the Commissioner to clarify on remand, the Second ALJ's alleged misinterpretation of the consultative examiner's report which reflects that plaintiff could sit less than six hours a day and stand/walk up to two hours a day.

[11] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).